United States District Court
Southern District of Texas
**ENTERED**
October 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Respondent/Plaintiff, § <br> § <br> v.   § <br> § <br> TERRY ROSS BLAKE, § <br> § <br> Petitioner/Defendant. § | CIVIL ACTION NO. H-16-1848 <br> (CRIMINAL NO. H-12-272-02) |

## MEMORANDUM OPINION AND ORDER

Defendant, Terry Ross Blake, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Motion") (Docket Entry No. 1493).[1] The United States has filed a Motion to Dismiss § 2255 Motion and Alternative Memorandum in Response to § 2255 Motion ("Motion to Dismiss") (Docket Entry No. 1510).

Pursuant to a written Plea Agreement (Docket Entry No. 936), Blake pleaded guilty to conspiracy to participate in racketeering activity in violation of Title 18, United States Code § 1962(d).[2] On November 12, 2014, the court sentenced Blake to 180 months in prison (Judgment in a Criminal Case ("Judgment"), Docket Entry No. 1142). Blake did not appeal his judgment of conviction, and it

---

[1] All docket entry references are to Criminal No. H-12-272.

[2] In the Plea Agreement Blake "waive[d] the right to contest [or collaterally attack] his conviction or sentence by means of any post-conviction proceeding." Docket Entry No. 936, p. 3 ¶ 7.

became final on November 28, 2014, fourteen days after the entry of the Judgment. Fed. R. App. P. 4(b)(1)(A)(i); United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). The one-year limitations period expired on November 30, 2015. Blake signed his Motion on June 19, 2016, and filed it on June 23, 2016.

28 U.S.C. § 2255(f)(1) imposes a one-year limitations period from the date on which the judgment of conviction becomes final. Blake's one-year limitations period expired on November 30, 2015. Although in certain rare and exceptional circumstances equitable tolling can prevent the running of limitations, Blake's Motion neither argues for equitable tolling nor raises any facts that could warrant application of equitable tolling in this case. Accordingly, the United States' Motion to Dismiss (Docket Entry No. 1510) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 24th day of October, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE